UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GENMONTE RAYMONE GAITHER, #227693,  )<br>        Petitioner,                 )<br>                                      )<br>-v-                                 )<br>                                      )<br>MARY BERGHUIS,               )<br>        Respondent.            )<br>_____) | No. 1:09-cv-181<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS CORPUS

This matter comes before the Court on a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner Genmonte Gaither seeks habeas relief from his conviction in the Michigan courts. The magistrate judge has reviewed the record and issued a report recommending the petition be denied. (ECF No. 37 "R&R.") Gaither timely filed an objection. (ECF No. 38.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Gaither advanced five claims in the petition. In his objection, Gaither discusses only his sufficiency of evidence claim, claim one in his petition. To the extent that Gaither raises other

objections, those objections hinge on his success on the insufficiency of evidence claim. With respect to the sufficiency of the evidence, the magistrate judge's findings and recommendations are supported by the record and in the law. Gaither's objection, that any shooting was accidental, does not support his claim for relief. The record contains sufficient evidence for the jury to find that Gaither intended to shoot Tim Jackson, or one of the other people in the group, even though he accidentally shot a bystander. Under the doctrine of transferred intent, Gaither's intent to shoot Jackson fulfills the specific intent element of the crime for which he was convicted. *See People v. Plummer*, 581 N.W.2d 753, 759 n.2 (Mich. Ct. App. 1998) ("Under the doctrine of transferred intent, where A aims at B, intending to kill him, but misses and hits C, killing her, A is held guilty of the murder of C."). On this claim, the R&R is **ADOPTED**, over objections, as the opinion of this Court.

With respect to the other claims advanced in the petition, Gaither has not raised specific objections. Therefore, the remaining findings and recommendations in the R&R are **ADOPTED** as the opinion of this Court.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed the record for the purpose of determining whether to issue a Certificate of Appealability. Because Gaither did not file any objections to the recommendations in the R&R on any claim except his sufficiency of the evidence claim, reasonable jurists would not disagree with the resolution of those other claims. Reasonable jurists would also not disagree with the resolution of Gaither's sufficiency of the evidence claim. The deferential standard, combined with the doctrine of transferred intent, undermines Gaither's claim. Therefore, a Certificate of Appealability is **DENIED.**

For the reasons outlined above, the R&R (ECF No. 37) is **ADOPTED** as the opinion of this Court, a Certificate of Appealability is **DENIED**, and the petition for writ of habeas corpus is **DENIED. IT IS SO ORDERED.**

Date:   March 11, 2013               /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge